IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DWAYNE MILNE and JACLYNN PAUL as GUARDIANS OF B.M., <br><br> Plaintiffs, <br><br> v. <br><br> DR. GREG GADEN, REBECCA LEEDS, HOLLIE HOFFMAN, CHARLIE SERSEN, KARN BAKER, BROOKE CHENEY, JAIMIE MUTTER, LEAH LUDWIG, JESSICA CULLUM, UNKNOWN STAFF AT KNOLLWOOD ELEMENTARY, DR. LORI SIMON, RAPID CITY AREA SCHOOL DISTRICT, RAPID CITY SCHOOL BOARD, SOUTH DAKOTA DEPARTMENT OF EDUCATION, <br><br> Defendants. | 5:22-cv-05017-JLV <br><br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH DAKOTA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS** |

Defendant South Dakota Department of Education, by and through its attorneys of record Robert B. Anderson and Justin L. Bell, respectfully submits this Memorandum in Support of Defendant South Dakota Department of Education's Motion to Dismiss.

## BACKGROUND

Plaintiffs bring this action under 18 USC § 1983, the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and SDCL 27B-8-36. *See* Amended Complaint at Doc 11. The original complaint also included a claim under the Individuals with Disabilities Education Act (IDEA), but that was removed in the Amended Complaint. *Compare* Complaint at Doc. 1 *with* Amended Complaint at Doc. 11 (Amended complaint strikes ¶¶ 21 (stating the case was based on IDEA), 74 (referencing the IDEA administrative complaint), 75 (referencing

1

the final decision in the IDEA administrative complaint), and Count IX (Count alleging IDEA

violation).  As with original complaint, the Amended Complaint alleges that B.M. is a minor

diagnosed with Autism Spectrum Disorder, id. at ¶ 2, and was subject to various civil rights

violations by officials employed by the Rapid City School District during the Fall of 2019.  *Id.*

Specifically, the Amended Complaint alleges that while B.M. was in third grade, staff members

assaulted and restrained B.M. by various methods, involving restraint and transport and use of a

seclusion area known as "Hawaii."  *Id.* at  ¶ 45, 59, 61-69.   These allegations solely relate to

staff at Knollwood Elementary and training provided by the Rapid City School District.  The

only specific allegation as to the South Dakota Department of Education is that it "is and was at

all material times, a state educational agency that manages and controls the educational affairs of

South Dakota public schools." *Id.* at ¶ 8.

As referenced in the original Complaint, the Plaintiff filed a complaint against the Rapid

City School District pursuant to IDEA with the Department of Education relating to the conduct

described in the Complaint.  *See* Motion for Judicial Notice at Exhibit A; *see also* Complaint at

Doc. 1, ¶¶ 74, 75.   This resulted in a final decision on February 3, 2020.  *Id.*  The original

complaint in the federal lawsuit was filed on February 17, 2022, more than two years after the

alleged allegations and final decision of the IDEA administrative complaint.

## LEGAL STANDARD

In 2009, the United States Supreme Court clarified the governing standard for motions to

dismiss brought pursuant to Rule 12(b)(6).

> [U]nder Rule 12(b)(6), this court assumes all facts in the complaint to be true and
> construes all reasonable inferences from those facts most favorably to the
> complainant. Although a complaint need not contain "detailed factual allegations,"
> it must contain facts with enough specificity "to raise a right to relief above the
> speculative level."  "Threadbare recitals of the elements of a cause of action,
> supported by mere conclusory statements, do not suffice."

*Minn. Majority v. Mansky*, 708 F.3d 1051, 1055 (8th Cir. 2013) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a Fed.R.Civ.P.12(b)(1) motion to dismiss can be treated in the same manner as

a motion under 12(b)(6) depending upon the type of attack made by the moving party:

> "The existence of subject-matter jurisdiction is a question of law that this court
> reviews *de novo*." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954,
> 958 (8th Cir. 2011). "A court deciding a motion under Rule 12(b)(1) must
> distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. *Osborn
> v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, "the court
> restricts itself to the face of the pleadings, and the non-moving party receives the
> same protections as it would defending against a motion brought under Rule
> 12(b)(6)." Id. (internal citations omitted). "In a factual attack, the court considers
> matters outside the pleadings, and the non-moving party does not have the benefit
> of 12(b)(6) safeguards." Id. (internal citation omitted). The method in which the
> district court resolves a Rule 12(b)(1) motion—that is, whether the district court
> treats the motion as a facial attack or a factual attack—obliges us to follow the same
> approach. *BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir.
> 2002).

*Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Determining whether a

claim has facial plausibility is "a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *United States v. Big Crow*, No. 2016

WL 884901, at *2 (D.S.D. Mar. 2, 2016) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Applying this standard, this Court lacks subject matter jurisdiction to hear Plaintiffs'

Complaint on its face with judicially noticed facts[1] and the Complaint fails to state a claim

against the Defendants.

---

[1] Absent a waiver, sovereign immunity is jurisdictional in nature. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

## ARGUMENT

### 1. PLAINTIFFS' §§ 1983, 1985 AND STATE LAW CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT.

Eleventh Amendment immunity, or retained immunity, is a reflection of state sovereign immunity in federal courts. *See e.g., Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). Such echoes an underlying presupposition of federalism inherent in the United States Constitution's structure that states, state agencies, and arms of the state are immune from suit. *Id.* "Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the federal right." *Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005) (further citations omitted). "Section 1983 does not contain a clear legislative statement abrogating a state's immunity under the Eleventh Amendment." *Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 345, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979)). Likewise, Congress did not abrogate Eleventh Amendment immunity for conspiracy claims by enacting Section 1985. *See Beach v. Minnesota*, No. 03-cr-862, 2003 U.S. Dist. LEXIS 10856, 2003 WL 21488679, at *3 (D. Minn. June 25, 2003), aff'd, 92 F. App'x 386 (8th Cir. 2004). ("Congress also has not abrogated state immunity by enacting 42 U.S.C. § 1985").

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). In addition, the Eleventh Amendment also precludes suits for declaratory or injunctive relief against the State itself and its agencies. *Alabama v. Pugh*, 438 U.S. 781 (1978). The *Ex Parte Young* exception "has no application in suits against the States and their agencies, which are barred regardless of relief

4

sought." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Riemers v. North Dakota*, 185 F. App'x 551 (8th Cir. 2006) (affirming dismissal of suit seeking declaratory and injunctive relief against state government on Eleventh Amendment grounds).

The South Dakota Department of Education is an agency of the State of South Dakota. See SDCL ch. 1-45. Under the Eleventh Amendment and the authority cited above, the South Dakota Department of Education respectfully asserts that it cannot be sued in Federal District Court for Counts I (Unreasonable Seizure), Count II (Excessive Force), Count III (Equal Protection), Count IX (State Law Claim), Count XIV (Fourth and Fourteenth Amendment Conspiracy) and those Counts must be dismissed as to the South Dakota Department of Education.[2]

## 2. PLAINTIFFS' CLAIMS ARE TIME BARRED.

Plaintiffs filed a complaint against the Rapid City School District pursuant to the IDEA with the South Dakota Department of Education alleging the conduct described in the Complaint was a denial of a free appropriate public education. *See* Motion for Judicial Notice at Exhibit A. That Complaint resulted in a final decision on February 3, 2020. *Id.* The original complaint in this federal lawsuit was filed on February 17, 2022, more than two years after the alleged allegations and final decision of the IDEA administrative complaint. Although the Amended Complaint dismissed the IDEA count, the gravamen of a suit remains the denial of free appropriate public education, and accordingly, the remaining counts are time barred under 20 U.S.C. § 1415(b),(g),(i)(2)(A)-(B).

---

[2] The South Dakota Department of Education does not argue that the ADA and § 504 claims are barred by Eleventh Amendment immunity.

The IDEA ensures that "[a]ll children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A)("FAPE"). Within the IDEA, Congress established procedural safeguards to ensure individuals will have the opportunity to obtain that FAPE. 20 U.S.C. § 1415(a). Those procedural safeguards include the development of an Individualized Education Program (IEP) by a multi-disciplinary team, as well as the opportunity for any party to present a complaint concerning any aspect of the local agency's provision of a free appropriate public education and the right to an impartial due process hearing on such complaints. 20 U.S.C. § 1415(b)(6),(f). Parents or guardians may challenge the outcome of the due process hearings first before the state educational review agency, and then before any state or district court within "90 days from the date of the decision of the hearing officer[.]" 20 U.S.C. § 1415(b),(g),(i)(2)(A)-(B).  Administrative exhaustion is a requirement prior to filing a state or federal court proceeding.  20 U.S.C. § 1415(i)(2)(A),(l); *J.M. Francis Howell Sch. Dist*., 850 F.3d at 947; *Smith v. Rockwood R-VI Sch. Dist*., 895 F.3d at 568.

The IDEA recognizes the existence of other laws designed to protect children with disabilities. 20 U.S.C. § 1415(l) states, "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws...." 20 U.S.C. § 1415(l). However, this section goes on to specifically state: "before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part." *Id.*  Consequently, IDEA's exhaustion requirements apply to claims under the Constitution, the ADA, the Rehabilitation Act, 42 U.S.C. § 1983, and other

6

federal laws protecting children with disabilities to the extent those claims seek relief also available under the IDEA. *Fry v. Napolean Community Schools*, et. al., 580 U.S. ____, 137 S.Ct. 743, 754, at *8 (U.S. 2017).

In *Fry v. Napoleon Community Schools, et al.*, the United States Supreme Court recently affirmed the need for parties to fulfill the administrative exhaustion requirement prior to filing a lawsuit and set forth the scope of that requirement. 580 U.S. _____, 137 S.Ct. 743 (2017). The *Fry* Court determined that the question of exhaustion "hinges on whether a lawsuit seeks relief for the denial of a [FAPE]. If a lawsuit charges such a denial, the plaintiff cannot escape § 1415(l) merely by bringing her suit under a statute other than the IDEA." 137 S. Ct. 743, 754. "[I]n determining whether a suit indeed 'seeks' relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint." 137 S.Ct. 743, 752. There are no magic words and the labels assigned by a plaintiff are not determinative. 137 S.Ct. 743, 755. The inquiry does not rest on whether a complaint includes words like FAPE or IEP, or whether it invokes the IDEA at all. *Id*. The proper inquiry is "if she is in essence contesting the adequacy of a special needs program." *Id*. The *Fry* Court also reasoned:

> A further sign that the gravamen of a suit is the denial of a FAPE can emerge from the history of the proceedings. In particular, a court may consider that a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute—thus starting to exhaust the Act's remedies before switching midstream. Recall that a parent dissatisfied with her child's education initiates those administrative procedures by filing a complaint, which triggers a preliminary meeting (or possibly mediation) and then a due process hearing. *See supra*, at ___ - ___, 197 L. Ed. 2d, at 54-55. A plaintiff's initial choice to pursue that process may suggest that she is indeed seeking relief for the denial of a FAPE—with the shift to judicial proceedings prior to full exhaustion reflecting only strategic calculations about how to maximize the prospects of such a remedy. Whether that is so depends on the facts; a court may conclude, for example, that the move to a courtroom came from a late-acquired awareness that the school had fulfilled its FAPE obligation and that the grievance involves something else entirely. But prior pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a

7

plaintiff's claim concerns the denial of a FAPE, even if the complaint never explicitly uses that term.

137 L. Ed. 2d at 757.

The Eighth Circuit Court of Appeals has long recognized the IDEA exhaustion requirements and the practical purposes exhaustion serves. As stated by the Court in *J.B. v. Avilla R-XIII Sch. Dist.*, "judges are not trained educators ... and we are cautioned not to substitute our 'own notions of sound educational policy for those of the school authorities which [we] review.'" 721 F.3d 588, 594 (8th Cir. 2013)(*citing E.S. v. Indep. Sch. Dist. No. 196*, 135 F.3d 566, 569 (8th Cir. 1998) and *Bd. Of Educ. v. Rowley*, 458 U.S. 176, 205-06, 102 S. Ct. 3034, 73 L.Ed. 2d 690 (1982)).

Applying this principle and the *Fry* analysis, the Eighth Circuit Court of Appeals in *J.M. v. Francis Howell School District* ruled that administrative exhaustion was required for a complaint alleging a school repeatedly placed a student in physical restraints and isolation. 850 F.3d 944 (8th Cir. 2017).   In *J.M.*, the mother brought suit on behalf of her minor son claiming injuries arising from the unlawful use of isolation and physical restraints without her knowledge over a two-year period. *Id.* at 947. Upon learning of this, she immediately contacted the school district, requesting the use of restraints only when necessary and no isolation. *Id.* Apparently dissatisfied with the school district's response, the minor child was removed from the school district and the family sued in federal court under the IDEA, 42 U.S.C. §§ 1983 and 1988, and Missouri common law asserting torts of negligence, false imprisonment and battery. *Id.* An Amended Complaint asserted claims under the Equal Protection Clause, 42 U.S.C. §§ 1983 and 1988, the ADA, § 504 of the Rehabilitation Act of 1973, and the Missouri Human Rights Act. *Id.* Damages sought included compensatory damages for past physical injuries and damages related to the child suffering post traumatic stress disorder arising from the alleged mistreatment at

school. *See, McCauley v. Francis Howell School District,* No. 4:15-CV-866 NAB, 2016 U.S. Dist. LEXIS 24947, *5, 2016 WL 795804 (E.D.Mo. March 1, 2016), aff'd, *J.M. v. Francis Howell Sch. Dist.,* 850 F.3d 944 (8th Cir. 2017).

The school district moved to dismiss, alleging lack of subject matter jurisdiction for failure to exhaust administrative remedies under the IDEA. Plaintiff argued her amended claims were not brought under the IDEA and thus not subject to exhaustion, but the district court disagreed, granting the school district's motion to dismiss. *Id.* The Eighth Circuit Court of Appeals upheld the dismissal, finding it significant that the Amended Complaint specifically stated the child was entitled to "educational services" and "accommodations" for his disabilities, was denied those benefits because of his disabilities, and complained of the child being placed in physical restraints and isolation: all of which related to the child's education. *Id.* at 948-49. The *J.M.* Court further found it significant that the plaintiff did not allege any common law torts as the foundation for any non-educational injuries in the Amended Complaint and alleged the child's injuries resulted from defendants' use of restraint and isolation in violation of their own policies as a disciplinary tool. *Id.* (emphasis added).

The parallels between Plaintiffs' Amended Complaint and the *J.M.* decisions are compelling. Foremost, like the *J.M.* case, Plaintiffs' Complaint repeatedly references the objectionable restraint, disciple, and seclusion, or its overuse, as discipline.  In fact, in the case at hand, it is clear from the procedural history of this case that Plaintiffs' view the gravamen of the suit to be denial of a FAPE, in that they filed an IDEA complaint that resulted in an administrative final decision before the South Dakota Department of Education.  *See* Motion for Judicial Notice at Exhibit A.   Indeed, the original Complaint filed by Plaintiffs included a Count for violation of the IDEA and references to the IDEA administrative complaint and decision.  *See*

Doc. 1 at ¶¶ 165-169.  Even the current complaint relies on a violation of the IDEA (despite

calling it by its former name).  *See* Amended Complaint Doc. 11 at ¶¶ 94, 135 (citing to the "The

Federal Education for All Handicapped Children Act (herein after "EAHCA"), 20 U.S.C. § 1400,

et seq.", which was the shorthand name of same sections of law as the IDEA prior to the IDEA's

passage in 2004").

It is assumed that Plaintiffs amended their Complaint to avoid the Statute of Limitations

argument by removing the IDEA count and references.  However, removal of the IDEA count

does not cure the fact that the remaining counts in this action remain time barred.  The Eighth

Circuit has not addressed whether the statute of limitation found in 20 USC § 1415(f) applies to

§ 1983, ADA, and § 504 claims where the gravamen of a suit is the denial of a FAPE and the

plaintiff filed an administrative IDEA complaint on that basis prior to the federal action.

However, caselaw outside the circuit explains that the statute of limitation is equally applicable.

As reasoned in *D v. Southington Bd. of Educ.*, 119 F. Supp. 2d 105, 115-16 (D. Conn. 2000):

> Title 20 U.S.C. § 1415(f) states that
>
> > nothing in this chapter shall be construed to restrict or limit the
> > rights, procedures, and remedies available under the Constitution,
> > title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 790 et seq.],
> > or other Federal statutes protecting the rights of handicapped
> > children and youth, *except that* before the filing of a civil action
> > under such laws seeking relief that is also available under this
> > subchapter, the procedures under subsections (b)(2) and (c) of this
> > section *shall* be exhausted to the same extent as would be required
> > had the action been brought under this subchapter.
>
> 20 U.S.C. § 1415(f) (emphasis added). Since the plaintiff's instant claims arise out
> of the same set of facts as their IDEA claims, they are subject to the underlying
> administrative proceeding and judicial review of the IDEA claims.
>
> The court has already determined the plaintiffs' IDEA claims are time-barred.
> Any Rehabilitation Act claims plaintiffs may attempt to bring now should not be
> heard by the court. To the extent that the plaintiff's Rehabilitation Act claims arise
> out of the same facts alleged under the IDEA claims, they are subject to the

> same statute of limitation preclusion applied to the IDEA claims. To the extent that
> they may involve facts not brought up under the hearing under the IDEA, they
> should be the subject matter of an administrative proceeding before being reviewed
> by the court. *See Hope v. Cortines*, 872 F. Supp. 14, 19 (E.D.N.Y. 1995)
> (discussing effect of failure to exhaust administrative remedies under the IDEA).

*Id.* at 115-16; *See also I.M. v. Northampton Pub. Sch.*, 869 F. Supp. 2d 174, 187 (D. Mass. 2012)

("when the underlying ADA claim is read most accurately as a denial of FAPE, the exhaustion

requirements of the IDEA remain a necessary precursor to any action in federal court. . . . Such

action must be brought within 90 days of a final administrative decision."); *Blunt v. Lower*

*Merion Sch. Dist.*, 767 F.3d 247 (3d Cir. 2014) (favorably citing *I.M. v. Northampton Pub. Sch.*

and affirming dismissal of ADA, Rehabilitation Act, and IDEA claims pursuant to 90 day statute

of limitation found in IDEA's § 1415(i)(2)(B)).

  In short, although the IDEA does not preclude causes of action under 18 USC § 1983, the

Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, it does subject

to the underlying administrative proceeding requirements, including the statute of limitations, as

IDEA claims.  That is for good reason. In *Strawn  v. Missouri State Board of Education*, the

Court explained that federal policy required "expeditious resolution of IDEA concerns" to

prevent the "substantial harm" of lost education on the part of students.  *Id.  See also Murphy v.*

*Timberlane Regional Sch. Dist.*, 22 F.3d 1186, 1193-94 (1st. Cir. 1994) (holding a core tenet of

IDEA was to ensure students are not forced to lose "day after irreplaceable day of educational

opportunity mandated by law.").  The same policy concerns apply to allowing excess delay to

any claim where the gravamen of a suit is the denial of a FAPE.  Accordingly, as the

administrative decision in this case was issued well before 90 days prior to the filing of this

action, the claim is time barred.

### 3. PLAINTIFFS' CLAIMS AGAINST THE DEPARTMENT OF EDUCATION SHOULD BE DISMISSED FOR FAILING TO ALLEGE SUFFICIENT FACTS.

It is long held in the Eighth Circuit that, in the context of educational services for disabled children, an ADA and § 504 claim requires a showing of gross misjudgment or bad faith. *See Monahan v. Nebraska*, 687 F.2d 1164, 1171 (8th Cir. 1982) (applying to § 504 claims); *Hoekstra by & ex rel. Hoekstra v. Indep. Sch. Dist.*, 103 F.3d 624, 626 (8th Cir. 1996) (expanding holding to ADA claims); *B.M. ex rel. Miller v. S. Callaway R-II School Dist.*, 732 F.3d 882, 887 (8th Cir. 2013) (same). Plaintiffs have failed to state a claim sufficient to satisfy a showing of gross misjudgment or bad faith.

In the Amended Complaint, there is only one allegation that mentions the Department of Education's involvement. Specifically, the Amended Complaint alleges "Department of Education, is and was at all material times, a state educational agency that manages and controls the educational affairs of South Dakota public schools." However, although there are several factual allegations relating to specific school district employees, a bare bones general allegation of supervision[3] by the South Dakota Department of Education is nowhere near sufficient to "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face, '" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), as it relates to a finding of bad faith or gross misjudgment on the part of the South Dakota Department of Education. These types of allegations against state agencies, without more, have been routinely rejected by district courts in the Eighth Circuit as it relates to

---

[3] This allegation is really an allegation of law, not fact, and misstates the Department's authority, which is found in SDCL 13-3-1.1, which grants "general supervision over all accredited elementary and secondary schools in the state[,]" and, as applicable in this case, the Department's role in the administration of Special Education in SDCL 13-37-1.2, where the Department of Education is "designated as the state agency with responsibility for the education of children in need of special education or special education and related services" as is authorized in IDEA in 34 CFR 300.41.

State Agencies claims under ADA and § 504 litigation. *See I.E.C. v. Minneapolis Pub. Sch., SSD No. 1*, 970 F. Supp. 2d 917, 931 (D. Minn. 2013) (dismissing complaint against state agency because "Plaintiff's only argument for action by the State Defendants is a generic one" and "Plaintiff has failed to explain . . . any factual allegations whatsoever as to how the State Defendants specifically discriminated against her based on her disability, much less that it was based on bad faith or gross misjudgment."); *Larson v. Indep. Sch. Dist. No. 316*, No. 02-3611 (DWF/RLE), 2003 U.S. Dist. LEXIS 10395, at *25 (D. Minn. June 10, 2003) ("Plaintiffs have failed to plead any facts that lead to an inference of bad faith or gross misjudgment on the part of the [State Agency] Defendants. . . . Thus, Plaintiffs have failed to state a claim upon which relief can be granted, and Plaintiffs' claims under the ADA and Section 504 of the Rehabilitation Act are properly dismissed.").

Likewise, to the extent the § 1983 claims were not barred by the Eleventh Amendment, the same issue arises. As is well established, § 1983 does not impose liability upon supervisors based on a theory of respondent superior. *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003). A supervisor incurs liability under § 1983 only "when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Id.* (*citing Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir.1993)). A plaintiff must show that the supervisor recklessly disregarded his constitutional rights. *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989). This requires "more than mere negligence yet less than malicious or actual intent." *Id.* (citation and internal quotation marks omitted). As a general matter, "[a] single incident, or a series of isolated incidents . . . provides an insufficient basis upon which to assign supervisory liability." *Id.* (*citing Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988)).

13

In this case, even without addressing qualified immunity, there are no facts alleged which reasonably indicate that the South Dakota Department of Education was "personally involved in" or "deliberate indifference toward" a violation of any employee of the Rapid City school district. Indeed, there are no factual allegations that relate directly to the South Dakota Department of Education.  Accordingly, these defendants submit that, in the alternative to dismissal under the Eleventh Amendment, the § 1983 claims would appropriately be dismissed for failure to state a claim.

### CONCLUSION

WHEREFORE, because the Amended Complaint's §§ 1983, 1985, and state law claims are barred by the Eleventh Amendment, because it is time barred, and because it fails to allege sufficient facts to state a claim against the South Dakota Department of Education, Defendant South Dakota Department of Education respectfully requests that this Court grant this motion and dismiss the action in its entirety as to Defendant South Dakota Department of Education.

Dated this 14th day of April, 2022.

MAY, ADAM, GERDES & THOMPSON LLP

BY:   /s/ Justin L. Bell
ROBERT B. ANDERSON
JUSTIN L. BELL
Attorneys for Defendants
503 South Pierre Street
Pierre, South Dakota 57501-0160
Telephone: (605)224-8803
Telefax: (605)224-6289
E-mail:  rba@mayadam.net
E-mail:  jlb@mayadam.net