UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DWAYNE MILNE AND JACLYNN PAUL as GUARDIANS OF B.M., | ) ) ) | Civ. No. 5:22-cv-05017-JLV |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **PLAINTIFFS' RESPONSE TO RCASD DEFENDANTS MOTION TO DISMISS** |
| DR. GREG GADEN, REBECCA LEEDS, HOLLIE HOFFMAN, CHARLIE SERSEN, KARN BAKER, BROOKE CHENEY, JAIMIE MUTTER, LEAH LUDWIG, JESSICA CULLUM, UNKNOWN STAFF AT KNOLLWOOD ELEMENTARY, DR. LORI SIMON, RAPID CITY AREA SCHOOL DISTRICT, RAPID CITY SCHOOL BOARD, SOUTH DAKOTA DEPARTMENT OF EDUCATION, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

―――――――――――

Plaintiffs, by and through their undersigned counsel, respectfully submits Plaintiffs Response to Defendants, Dr. Greg Gaden, Rebecca Leeds, Hollie Hoffman, Charlie Sersen, Karn Baker, Brooke Cheney, Jaimie Mutter, Leah Ludwig, Jessica Cullum, Unknown Staff at Knollwood Elementary, Dr. Lori Simon, Rapid City Area School District, and Rapid City School Board (hereinafter "RCASD Defendants") Motion to Dismiss.

1

## I. PRELIMINARY STATEMENT

The "gravamen" of Plaintiffs' allegations in this case stem from the abuse, neglect, and deliberate indifference B.M. endured at Knollwood Elementary during the fall of the 2019 school year. RCASD Defendants attempt to recast Plaintiffs' forty-six-page complaint and sixteen-claims should be ignored by this Court because the substance of Plaintiffs' allegations seeks relief that the Individuals with Disabilities Education Act ("IDEA") cannot reward. Thus, RCASD Defendants' assertion that the statute of limitations ("SOL") within IDEA should apply to this lawsuit is incorrect. Plaintiffs are alleging injuries to B.M., a disabled minor, federal civil rights violations, and fraudulent concealment. Under South Dakota law, Plaintiffs are well within whichever of the SOLs this Court may find applicable to this case. As such, Plaintiffs request that this Court deny RCASD Defendants South Dakota Department of Education's Motion to Dismiss and allow Plaintiffs' case to proceed to discovery.

## II. FACTS

In an attempt to avoid repetition and duplication, Plaintiffs incorporate by reference the "Facts Alleged in the Complaint" section from Plaintiffs' Response to Defendant South Dakota Department of Education's Motion to Dismiss. (Doc. 23 at pgs. 3-6.) The facts and arguments pertaining to Defendant South Dakota Department of Education's Motion to Dismiss, are substantially similar to RCASD Defendants' Motion to Dismiss.

As such, the facts and counts in Plaintiffs' complaint illustrate the substance of their complaint and the relief sought. While B.M. endured these horrible realities at an educational institution, the significance of that commonality ends with its coincidental nature. Plaintiffs' do not seek a reformed attempt at a FAPE for B.M. Rather, Plaintiffs bring their complaint for the permanent damage B.M. sustained while at Knollwood.

## III. DISCUSSION

### A. Standard of Review

Under Rule 12(b)(1), RCASD Defendants must successfully challenge the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). This Court must therefore distinguish between facial and factual attacks. *See B.P. Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002). When conducting an inquiry based on a facial challenge, a district court will evaluate "whether the asserted jurisdiction basis is patently meritless by looking to the face of the complaint . . . and drawing all reasonable inferences in favor of the plaintiff." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

The non-moving party will benefit from all the protections of 12(b)(6). *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The general rule is that a complaint should not be dismissed "unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of the claims which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (emphasis added). In this

case, the RCASD Defendants makes a facial attack on subject matter jurisdiction: they assert that even if the complaint's allegations are presumed true, jurisdiction does not lie. *See D.L. v. Waukee Cmty. Sch. Dist.*, 578 F. Supp. 2d 1178, 1182 (8th Cir. 2008).

In ruling on a motion to dismiss under Rule 12(B)(6), this Court must again "accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Riveretz's Auto Care v. Citi Cards*, No. Civ. 08-4208, 2009 WL 2825383, at *2 (D.S.D. Aug. 27, 2009) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Because the pleading rules require only 'notice' pleading, rather than detailed fact pleading, a court must construe plaintiff's allegations liberally, and should only dismiss a complaint if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Plaintiffs' Complaint Centers on Abuse, Neglect, Constitutional Violations, Civil Rights Violations, and Violations of Human Dignity.

Plaintiffs' allegations do not merely center on the fact that the severe abuse and neglect B.M. endured while at Knollwood prevented B.M. from benefitting from a public education. Rather, the constitutional violations, civil rights violations, and common law torts Plaintiffs bring to this Court are for the redress of the permanent damage to B.M. The fact that the abuse and neglect B.M. endured hindered B.M.'s ability to receive a public education is only tangential to Plaintiffs' allegations.

4

RCASD Defendants' SOL argument requires that this Court find Plaintiffs' allegations only focus on the fact that B.M. did not receive a "free appropriate public education" ("FAPE") at Knollwood. If this Court finds that the relief Plaintiffs seek is not for the denial of FAPE, RCASD Defendants' SOL argument is moot because Plaintiffs are well within any applicable SOL this Court may find governs this case, as explained below. In order to determine what relief Plaintiffs seek this Court must determine what the "gravamen" of their complaint is. *Fry v. Napolean Cmty. Schools*, 137 S.Ct. 743, 748 (2017).

IDEA ensures that all children with disabilities are afforded a FAPE. 20 U.S.C. § 1400(d)(1)(A). "In the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a [FAPE]." *J.M. v. Francis Howell School Dist.,* 850 F.3d 944, 947 (8th Cir. 2017) (citing *J.B. ex rel. Bailey v. Avilla R-XIII School Dist.,* 721 F.3d 588, 592 (8th Cir. 2013)). An aggrieved party, who believes FAPE is not being afforded to a disabled child, may present their complaints through an impartial due process method and subsequently challenge the outcome before the state educational review agency. *J.B.,* 721 F.3d at 592 (citing 20 U.S.C. §§ 1415(f)-(g)(1)). "The outcome of the administrative review hearing may then be disputed in district court." *See* 20 U.S.C. § 1415(i)(2)(A).

If a lawsuit brought in district court seeks the relief IDEA affords, ensuring a disabled child receives a FAPE, a plaintiff must have exhausted their administrative remedies through IDEA before bringing a challenge to the state educational review agency's final determination. *J.M.*, 850 F.3d at 947-48.

If a plaintiff is seeking relief for the denial of FAPE in district court and fails to exhaust their administrative remedies under IDEA, the plaintiff may face dismissal without prejudice. *Id.* However, "exhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education.'" *Fry*, 137 S.Ct. at 748.

In order to determine what the "gravamen" of Plaintiffs' allegations are, this Court need only look to the Supreme Court's instruction in *Fry v. Napolean Cmty. Schools*. In *Fry*, the Supreme Court instructed lower courts that whether a plaintiff's allegations regard the denial of a FAPE or instead address disability-based discrimination in an educational setting, depends on the "gravamen" of a plaintiff's allegations. *Fry*, 137 S.Ct. at 755. The "gravamen" of a plaintiff's allegations is determined by the "substance, not surface" and that "[t]he use (or non-use) of particular labels and terms is not what matters." *Id.* at 755. The Court endorsed two methods for a court to employ when seeking the "gravamen" of a plaintiff's allegations. *Id.* at 756-57.

The Court's first endorsed method poses two hypothetical questions to determine whether a plaintiff is seeking relief for the denial of FAPE or relief for disability-based discrimination:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a *public facility that was not a school*—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly

6

> about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward.

*Id.* at 756. The Court then provided examples to illustrate its guidance. *Id.*

It first discussed a situation where a wheel-bound child sues his school for discrimination because the building lacks access ramps. *Id.* The lack of access ramps would certainly have educational consequences, but if the wheel-bound child was to bring the same allegations against a public theater or municipal library that lawsuit would have nothing to do with the adequacy of the child's education. *Id.* However, the action would still present a colorable discrimination lawsuit. *Id.* The Court determined a lawsuit of such substance does not concern the denial of FAPE. *Id.*

In contrast, suppose a student with learning disability sues his school for failing to provide remedial tutoring in mathematics. *Id.* at 756-57. Suppose the substance of the student's complaint does not mention FAPE or IDEA, but rather alleges discrimination under other federal statutes. *Id.* at 757. The Court discussed that a lawsuit alleging discrimination, in the context of failing to provide remedial tutoring in mathematics brought against a public theater or brought by an adult visitor or employee, would likely concern only the denial of FAPE and would not be a colorable discrimination lawsuit. *Id.*

The second method the Court suggested for determining whether a lawsuit seeks relief for the denial of FAPE or relief for disability-based discrimination is to look to the history of the pleadings between the parties. *Id.* The Court discussed:

7

> A plaintiff's initial choice to pursue [the IDEA's formal procedures] may suggest that she is indeed seeking relief for the denial of a FAPE—with the shift to judicial proceedings *prior to full exhaustion* reflecting only strategic calculations about how to maximize the prospects of such a remedy. Whether that is so depends on the facts; a court may conclude, for example, that the move to a courtroom came from a late-acquired awareness that the school had fulfilled its FAPE obligation and that the grievance involves something else entirely.

*Id.* (emphasis added). It discussed where a plaintiff starts to exhaust "the Act's remedies before switching midstream," the plaintiff's actions are indicative of whether a plaintiff is actually seeking a remedy for the denial of a FAPE. *Id.*

The Honorable Charles B. Kornmann recently confronted an issue similar to the one that this Court currently faces. *Doe v. Aberdeen School Dist.*, 1:18-CV-01025-CBK, 2019 WL 4740163 (D.S.D. Sept. 27, 2019). In *Doe,* six children with disabilities brought discrimination allegations against their school district and the faculty and staff involved in the alleged discrimination. *Id.* at *1-3. The discrimination centered on the faculty and staff of their school district pushing, shoving, dragging, and forcing disabled kids to swim. *Id.* at *1-2. All of the kids had IEPs. *Id.* Defendants moved to dismiss for lack of jurisdiction on the basis that the "gravamen" of plaintiffs' lawsuit was the dissatisfaction with the education programs of the special education, as opposed to disability-based discrimination. *Id.* at *4.

Judge Kornmann denied the defendants' motion to dismiss on the basis that the plaintiffs claimed "separate and distinct harm arising from the alleged abuse" that indeed to took place in an educational setting, but focused on damages other than a failed FAPE. *Id.* The court considered the instruction of

8

*Fry* and determined that "if plaintiffs' minor children had been participating in some program at a public library, public theater or public pool, they could certainly bring suit for being pushed, shoved or dragged by public employees." *Id.* Further, the court determined that a disabled adult could also bring suit for being "pushed, shoved, or dragged, in a school, by school officials." *Id.* The court's holding was centered on the fact that the "[i]ssues of alleged physical and emotional abuse" were found throughout the complaint. *Id.* at *5.

      i.    **Under *Fry* and *Doe*, the "Gravamen" of Plaintiffs' Complaint Alleges Abuse, Discrimination, and Deliberate Indifference.**

In the case at bar, Plaintiffs' allegations center on the discrimination in the form of deliberate indifference, neglect, and abusive treatment B.M. endured at Knollwood. On multiple occasions, B.M. was assaulted, restrained, and drug to "Hawaii." Nowhere in B.M.'s IEP allowed for permissive assault, restraint, or caging. While Plaintiffs were never aware of any of the abuse and neglect B.M. was experiencing prior to witnessing it first-hand at the beginning of October 2021, the Defendants in this case were on clear notice of B.M.'s particularized and protected rights as a disabled child and a human being. This case is not about a denial of B.M.'s FAPE. It is about the deliberate indifference and abuse B.M. endured at Knollwood.

The "gravamen" of the sixteen claims Plaintiffs brings before this Court focus on the abuse, deliberate indifference, and discrimination B.M. endured at Knollwood, as opposed to the denial of FAPE. The abuse and discrimination that is the subject of this law suit represents "a separate and distinct harm"

9

that qualifies as abuse and discrimination, regardless of its association with an educational setting. *See Doe*, 2019 WL 4740163 at *4.

Under *Fry*'s instruction, the "gravamen" of Plaintiffs' allegations becomes clear. *Fry*, 137 S.Ct. at 756. If B.M. was in a program at a public pool, where they were aware of B.M.'s identified rights under his IEP, and the same events occurred, Plaintiffs would still be able to bring suit. If B.M. was in a program at a public pool and he was tackled, assaulted, and caged Plaintiffs would still be able to bring suit. If B.M. was a disabled adult in the same hypotheticals, Plaintiffs would still be able to bring suit. RCASD Defendants fails to identify what language or allegations in Plaintiffs' forty-six-page complaint and sixteen claims amount to evidence that Plaintiffs are seeking relief for the denial of FAPE.

As laid out extensively in the Amended Complaint and the original Complaint, Plaintiffs' allegations center on the gross and outrageous misconduct of the education professionals involved in B.M.'s situation and the pain and suffering it had upon B.M. The misconduct by these professionals crossed B.M.'s education program with complete disregard to B.M.'s IEP and the rights B.M. was entitled.

> ii. **Plaintiffs' Amended Their Original Complaint to Clarify What the "Gravamen" of Their Complaint is.**

RCASD Defendants points to Plaintiffs' Amended Complaint to support its argument that Plaintiffs' allegations center on seeking relief for the denial of FAPE. (Doc. 36 at pgs. 7 and 13.) However, the "gravamen" of Plaintiffs' allegations is only determined by the "substance" and not the "surface" or "[t]he

10

use (or non-use) of particular labels and terms is not what matters." *Fry*, 137 S.Ct. at 755. The only "substance" RCASD Defendants' point to are Plaintiffs' allegations regarding RCASD Defendants' disregard of B.M.'s identified rights and Plaintiffs' exhaustion of their administrative remedies. (Doc. 34 at pgs. 13.)

B.M. was entitled specific rights under his IEP. (*See e.g.* Doc. 11 at pgs. 5-10.) Thus, the IEP is only used in Plaintiffs' complaint to show that the use of physical force, tackling, assault, restraints, and caging of B.M. was not authorized by B.M.'s IEP. (*Id.*) B.M.'s IEP merely shows that Knollwood was on of notice B.M.'s rights and was not authorized to use physical force, restrain, tackle, assault, and cage B.M. *See Moore v. Kansas City Public Schools*, 828 F.3d 687, 692 (8th Cir. 2016) (discussing plaintiff's mention of IEP in complaint was solely to "show notice to the [school district] of the conditions that put [the disabled child] at risk" and that because plaintiff did not request any change to [disabled child's] IEP in complaint the plaintiff was not relying on the "IDEA or the rights it creates and protects"). Plaintiffs' mention of B.M.'s IEP is not determinative of whether Plaintiffs are seeking relief for the denial of FAPE, but rather, is evidence to show Defendants' wanton abuse and discrimination of B.M. in this case. Plaintiffs' "repeatedly referencing" the restraint and seclusion in light of these identified rights illustrates the abuse and deliberate indifference that pervades this case.

Plaintiffs amended their original complaint to further clarify the grievances they bring before this Court. Plaintiffs are not seeking relief for the denial of educational services and the substance of their forty-six-page

11

complaint and sixteen claims demonstrates their plea.[1] This was not an attempt to "avoid the Statute of Limitations argument" as RCASD Defendants assert. (Doc. 36 pgs. 13-15.) Rather, Plaintiffs amended their complaint to further clarify the grievances they bring before this Court. Plaintiffs are not seeking relief for the denial of educational services and the substance of their forty-six-page complaint and sixteen claims demonstrates their plea. Regardless of Plaintiffs' amendment, both complaints' substance center on the abuse, neglect, discrimination, and misconduct of the education professionals involved in B.M.'s case.

Further, RCAS Defendants' attempt to parallel Plaintiffs' suit with the plaintiff in *J.M. v. Francis Howell School District* is off point. (Doc. 36 at pg. 13.) In *J.M.*, the Eighth Circuit upheld the dismissal of a lawsuit on the basis that the Court lacked subject matter jurisdiction because the relief plaintiff sought was for the denial of J.M.'s FAPE and plaintiff had failed to exhaust their administrative remedies under IDEA. *J.M. v. Francis Howell School Dist.,* 850 F.3d 944, 950-51 (8th Cir. 2017). There, the plaintiff mother brought suit on behalf of her disabled child because she was dissatisfied with the school district's response to her request that her son not be placed in isolation and that the school only use restraints when necessary. *Id.*

---

[1] Regardless of this amendment it should be noted that Plaintiffs' have exhausted their administrative remedies under IDEA and did not "switch midstream", like what is contemplated in *Fry. See e.g. Stapleton v. Penns Valley Area School District*, No. 4:15-CV-2323, 2016 WL 3077370 (D. Penn. June 1, 2016).

12

The plaintiff brought suit in federal court alleging common law and civil rights violations, and the school district motioned to dismiss on the basis that the plaintiff's allegations regarded relief that could only be sought under IDEA. *Id.* at 947. The lower court granted the district's motion to dismiss and the Eighth Circuit affirmed. *Id.* at 944.

The Eighth Circuit found significant that only one of plaintiff's counts alleged discrimination and how the complaints discussions of isolation and restraint was only in regards to the district failing to provide "sufficient 'supportive services' to permit [J.M.] to benefit from . . . instruction." *Id.* at 949 (citing *Fry*, 137 S.Ct. at 748-49). The Eighth Circuit also considered plaintiff's choice to remove common law torts and IDEA counts from their original complaint, as evidence that plaintiff was in fact seeking relief for the denial of a FAPE. *Id.*; *but see Fry,* 137 S.Ct. at 755 (discussing that the "gravamen" of a plaintiff's allegations is determined by the "substance, not surface" and that "[t]he use (or non-use) of particular labels and terms is not what matters").

Plaintiffs' allegations are much different than the allegations in *J.M.* Plaintiffs are alleging abuse, neglect, and discrimination by way of deliberate indifference to B.M.'s constitutional rights and human dignity, rather than alleging grievances related to the education professional's failure to deliver B.M. a FAPE. *J.M.*, 850 F.3d at 949. This Court need only look to the substance of Plaintiffs' allegations to find phrases like "deliberate indifference," "reckless," "negligence," "discrimination," and "discriminatory intent" littered throughout both their original and Amended Complaint. Plaintiffs' do not wish to re-write

13

B.M.'s IEP for the chance for B.M. to receive a FAPE in the future. Plaintiffs' wish to recompense and reconcile the permanent damage that were a result of the deliberate indifference and neglect of B.M.'s human dignity while at Knollwood. This relief is reflected by the *substance* of Plaintiffs' allegations.

The Eighth Circuit's consideration of the plaintiff's prior un-amended complaints in *J.M.* containing common law tort counts and an IDEA count was improper, because the court's analysis was only based on the labels and terms of the allegation's plaintiff scrubbed, rather than the substance of the complaint itself. *See Fry*, 137 S.Ct. at 755. In addition, considering a superseded complaint is improper under the Federal Rules of Civil Procedure.[2] In any event, here, Plaintiffs scrubbed the IDEA count from their original complaint to streamline their plea for relief.[3] Plaintiffs did not scrub any common law tort counts or any other count regarding the permanent damages B.M. suffered. *J.M.* does not parallel the case before this Court and RCASD Defendants' argument asserting otherwise should be disregarded.

Similarly, *Smith v. Rockwood R-VI School District* is not on point for the issue at bar. (Doc. 36 at pgs.12-13.) In *Smith*, a mother of a disabled student

---

[2] Any arguments directed at Plaintiffs superseded original complaint should be denied as moot. *See e.g. Pacific Bell Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."); *Dykes v. Portfolio Recovery Associates, LLC,* 306 F.R.D. 529, 530 (E.D. Va. April 28, 2015) (discussing "[i]t is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot"); *Calloway v. Green Tree Servicing, LLC*, 599 F.Supp 2d 543, 546 (D. Del. Feb. 18, 2009) (discussing "[a]s the amended complaint has superseded the original, defendant's motion to dismiss has become moot").

[3] If this court does look at Plaintiffs' original complaint, Plaintiffs in fact did not request B.M. be given relief for a denial of FAPE. (Doc. 1 at pg. 34.) Instead, Plaintiffs' requested damages and attorneys' fees under IDEA for the discrimination B.M. endured. (*Id.*)

with an IEP plan sought relief in federal court for her disabled son's extended suspension from his high school. *Smith v. Rockwood RVI School District*, 895 F.3d 566, 568 (8th Cir. 2018). The mother's son was suspended for "conduct that manifested from his disability." *Id.* In her complaint, the mother did not allege that the suspension qualified as abuse, neglect, or deliberate indifference on the part of the education professional's decision to suspend her son. *Id.* Rather, the mother alleged that "[a]s a direct and proximate result of the long-term suspension, [her son] was excluded from and deprived of educational benefits." *Id.* at 569. The District Court of the Eastern District of Missouri held that the "gravamen" of the mother's complaint was the "denial of a public education." *Id.* The Eighth Circuit upheld the District Court's decision. *Id.* at 569-70.

RCASD Defendants' attempt to compare Plaintiffs' allegations to *Smith* is ineffectual, because the substance of Plaintiffs' forty-six-page complaint and sixteen-claims sound in abuse, neglect, and deliberate indifference, unlike the substance of the claims in *Smith*. The plaintiff in *Smith* focused her allegations on how a suspension denied her child educational benefits. *Id.* at 569. Here, Plaintiffs are seeking redress for injuries separate from the quality of B.M.'s education.

### iii. RCAS Defendants' Assertion that the IDEA SOL Applies in this Case is Incorrect.

If this Court finds that the substance of Plaintiffs' allegations do not seek relief for the denial of FAPE, it need not reach the SOL issue RCASD

Defendants raise. However, for clarity of their position, Plaintiffs wish to clarify which SOL they believe applies to this lawsuit.

In their Motion to Dismiss RCASD Defendants urges this Court to adopt a SOL that is inapplicable in this case. (Doc. 36 at pgs. 14-15.) However, Plaintiffs' case involves federal civil rights,[4] disabled children,[5] and fraudulent concealment.[6] (*See e.g.* Doc. 11.) Whichever applicable SOL this Court determines to apply to this lawsuit, Plaintiffs are well within its parameters. Considering this case involved minors, Plaintiffs believe SDCL § 15-2-22 controls. However, under of any of the applicable SOL chapters, Plaintiffs' have satisfied the standard.

RCASD Defendants use of *D. v. Southington Bd. of Educ., I.M. ex rel. C.C. v. Northampton Public Schools*, and *Blunt v. Lower Merion Sch. Dist.*, is inappropriate because the plaintiffs in all three cases were appealing their state departments' final determinations of whether each plaintiff was denied a FAPE under IDEA. *See D. Southington Bd. of Educ.,* 119 F.Supp.2d 105, 107 (D. Conn. Oct. 20, 2000); *I.M. ex rel. C.C. v. Northampton Public Schools*, 869 F.Supp.2d 174, 175-77 (D. Mass. June 12, 2012); *Blunt v. Lower Merion Sch.*

---

[4] The applicable state limitations statute for a federal civil rights action is SDCL § 15-2-15.2: Any action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred. This section is prospective in application.

[5] South Dakota has adopted a tolling provision during a child's minority or disability, the maximum extension is five years after the incident accrues. SDCL § 15-2-22.

[6] Where fraudulent concealment of facts is alleged, a plaintiff may establish the existence of material facts in avoidance of the statute of limitations, like fraud or fraudulent concealment. *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 513 (S.D. 1998).

16

*Dist.*, 767 F.3d 247, 255 (3d. Cir. 2014). Here, Plaintiffs are not contesting the final determination of the South Dakota Department of Education's findings in regards to B.M.'s FAPE. Plaintiffs are coming to this Court for the damages and relief available for the abuse, deliberate indifference, and discrimination that B.M. endured while at Knollwood, for which relief is not available under IDEA.

## IV. CONCLUSION

RCASD Defendants' Motion to Dismiss fails because the "gravamen" of Plaintiffs' allegations focuses on the abuse, neglect, deliberate indifference, and discrimination that was caused upon B.M. by the educational professionals involved in his circumstances. Therefore, RCASD Defendants' proposed SOL argument fails. Thus, Plaintiffs request this Court deny RCASD Defendants' Motion to Dismiss and allow their case to proceed to discovery.

Dated this 30th day of June, 2022.

                                  BEARDSLEY, JENSEN & LEE,
                                  Prof. L.L.C

                                By: /s/ *Conor P. Casey*
                                  Steven C. Beardsley
                                  Conor P. Casey
                                  4200 Beach Drive, Suite 3
                                  P.O. Box 9579
                                  Rapid City, SD  57709
                                  Telephone: (605) 721-2800
                                  Facsimile: (605) 721-2801
                                  Email: sbeards@blackhillslaw.com
                                  ccasey@blackhillslaw.com
                                  *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of June, 2022, a true and correct copy of the foregoing has been served on the following by the following means:

| | | |
|---|---|---|
| Robert B. Anderson | [ ] | First Class Mail |
| Justin L. Bell | [ ] | Hand Delivery |
| May, Adam, Gerdes & Thompson, LLP | [X] | CM/ECF Filing System |
| PO Box 160 | [ ] | Electronic Mail |
| Pierre, SD 57501-0160 | | |
| rba@mayadam.net | | |
| jlb@mayadam.net | | |

/s/ *Conor P. Casey*
Conor P. Casey