UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DWAYNE MILNE and JACLYNN PAUL, as Guardians of B.M., <br><br> Plaintiffs, <br> vs. <br><br> DR. GREG GADEN; REBECCA LEEDS; HOLLI HOFFMAN; CHARLIE SERSEN; KARN BAKER; BROOKE CHENEY; JAIMIE MUTTER; LEAH LUDWIG; JESSICA CALLUM; UNKNOWN STAFF AT KNOLLWOOD ELEMENTARY; DR. LORI SIMON; RAPID CITY AREA SCHOOL DISTRICT; RAPID CITY SCHOOL BOARD; and SOUTH DAKOTA DEPARTMENT OF EDUCATION, <br><br> Defendants, | 5:22-CV-5017-LLP <br><br> MEMORANDUM OPINION AND ORDER |

Pending before the Court are a motion to dismiss and a motion to take judicial notice filed by defendant South Dakota Department of Education (Docs. 19 and 21), and Plaintiffs' motion to amend the complaint (Doc. 24). For the following reasons, the motion to amend the complaint is granted and the motion to dismiss is denied as moot.

## BACKGROUND

On February 17, 2022, Plaintiffs Dwayne Milne and Jaclynn Paul as guardians of B.M. ("Plaintiffs") filed the instant action against the defendants listed above in the caption, including the South Dakota Department of Education ("Department"). (Doc. 1.) The original complaint included a claim under the Individuals with Disabilities in Education Act (IDEA). (Doc. 1, ¶¶ 21 and Count IX). On February 28, 2022, Plaintiffs filed a first amended complaint.[1] (Doc. 11.) The first amended complaint deleted the claim under the IDEA but retained the other claims brought

---

[1] Plaintiffs' first amended complaint was filed as a matter of course within 21 days after serving the original complaint. *See* Fed. R. Civ. P. 15(a)(1)(A).

1

against the Department pursuant to 18 U.S.C. § 1983, the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and SDCL 27B-8-36.

After the Department appeared and filed a motion to dismiss, Plaintiffs filed a motion to amend the complaint on May 5, 2022. (Doc. 24.) The proposed second amended complaint strikes the South Dakota Department of Education from the caption and adds "Unknown Staff" at the Department "in their individual and official capacity." (Doc. 24-1.) It also adds a new allegation that "Upon information and belief, the South Dakota Department of Education, Rapid City Area School District, and Rapid City School Board were put on notice of the abusive and discriminatory policies in place at Knollwood Elementary School prior to the events that gave rise to this lawsuit, but failed to take corrective action." (Doc. 24-1, ¶ 73.)

The Department urges the Court to deny leave to file the second amended complaint, arguing that the allegations in the second amended complaint are conclusory and are not specific enough to ascertain the name or identity of the unknown staff at the Department after discovery. (Doc. 32.) In reply to the Department's argument, Plaintiffs assert:

> Plaintiffs' have belief and knowledge that the South Dakota Department of Education was notified of systems and programs at Knollwood that led to B.M.'s abuse, prior to the abuse taking place. However, in the interest of efficiency for this lawsuit, Plaintiff chose not to name every single individual from the South Dakota Department of Education listed as an employee. Rather, Plaintiff wishes to discover who at the Department of Education had knowledge of the events that preceded this lawsuit, so as to avoid an unnecessary expedition. Considering the Department of Education's role regarding special education in South Dakota, it absolutely had knowledge of B.M.'s abuse and neglect at Knollwood. This fact alone is specific enough to proceed to discovery and uncover who had knowledge, the extent of that knowledge, and what was done to remedy the discriminatory systems and programs taking place at Knollwood. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)) (discussing "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery").

(Doc. 34, pp. 3–4.)

## DISCUSSION

After amending a complaint once as a matter of right, the Federal Rules of Civil Procedure allow further amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

The Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court concludes that Plaintiffs did not file the motion to amend in bad faith, or with dilatory motive or undue delay. There is no showing that the defendants would be prejudiced or that the proposed amendment is futile. These factors favor granting leave to amend.

Plaintiffs are not seeking to add a new cause of action; rather, they maintain that the proposed second amended complaint more accurately states the appropriate defendants, and that they will be able to discover the names of individual Department employees who had knowledge of B.M.'s alleged abuse and neglect at Knollwood Elementary School.

In general, fictitious parties may not be named as defendants in a civil action. *Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the second amended complaint contains an allegation sufficiently specific to permit the identity of Unknown Staff at the South Dakota Department of Education to be ascertained after reasonable discovery. Plaintiffs will seek to identify those Department employees who were aware of the alleged abuse of B.M. "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." *Estate of Rosenberg,* 56 F.3d at 37.

The proposed second amended complaint clarifies and corrects certain matters related to the proper defendants in this case, and Plaintiffs will be granted leave to amend. Because the

second amended complaint does not name the Department as a defendant, the Department's motion to dismiss is moot. Accordingly,

**IT IS ORDERED**:

1. That Plaintiffs' Motion to Amend Complaint (Doc. 24) is granted, and Plaintiffs shall file the Second Amended Complaint attached to their motion to amend.
2. That Defendant South Dakota Department of Education's motion to dismiss and motion to take judicial notice are denied as moot. (Docs. 19 and 21.)
3. That all future pleadings filed in this case shall contain the heading set forth in the Second Amended Complaint.

Dated this 26th day of July, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST"
MATTHEW W. THELEN, CLERK